William BRENNAN and Paul
Meyers, Respondents,

v.

DORSETT VILLAGE,
L.L.C., Appellant.

No. ED 87247.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 17, 2006.

Benjamin J. Sansone, Clayton, MO, for respondents.

Eugene E. Coon, Jr., Saint Louis, MO, for appellant.

## OPINION

GLENN A. NORTON, Presiding Judge.

Dorsett Village, L.L.C., (Dorsett Village) appeals the judgment of the St. Louis County Circuit Court entered on a jury verdict finding Dorsett Village liable to William Brennan (Brennan) and Paul Meyers (Meyers) for $120,000 on a quantum meruit claim. We reverse.

## I. BACKGROUND

Brennan and Meyers entered into an agreement with Dorsett Village to provide consultation services in a real estate transaction. Brennan and Meyers are not licensed real estate agents or brokers. Chris Kersten (Kersten) is the sole owner of two entities that control Dorsett Village. He is a licensed real estate broker.

The agreement called for Brennan and Meyers to bring prospective buyers to negotiate for the purchase of the real estate in question, a commercial center, and assist with the negotiation and transaction. The real estate was eventually sold to an entity controlled by a buyer who Brennan and Meyers claim they brought to the transaction and who they assisted in the transaction.

Kersten testified that Dorsett Village did not pay Brennan and Meyers because he believed they had not performed. He testified that he had not seen or spoken with Brennan or Meyers since they entered into the agreement, and that they were not present during crucial points of the negotiation, such as the closing.

Brennan and Meyers brought actions for breach of contract and quantum meruit. The jury found in favor of them only on the quantum meruit claim, and the trial court entered judgment on the verdict. Dorsett Village moved for judgment not-

withstanding the verdict (JNOV) or new trial. The trial court denied the motion.

Dorsett Village appeals.

## II. DISCUSSION

On appeal from denial of judgment notwithstanding the verdict, our review is whether a submissible case was submitted to the jury. *Payne v. Cornhusker Motor Lines, Inc.*, 177 S.W.3d 820, 832 (Mo.App. E.D.2005). We must find that "each and every fact essential to liability is predicated upon legal and substantial evidence." *Giddens v. Kansas City Southern Railway Co.*, 29 S.W.3d 813, 818 (Mo. banc 2000). We view the evidence in the light most favorable to the verdict, giving reasonable inferences to the plaintiffs and disregarding contrary evidence. *Id.*

In its brief, Dorsett Village repeatedly asserts that Brennan and Meyers did not submit a submissible case because the evidence did not fulfill the requirements of section 339.160 RSMo 2000.[1] Dorsett Village argues that because Brennan and Meyers did not prove they are licensed real estate brokers or salespersons, they cannot recover for services in negotiating a real estate transaction.

We interpret statutory language by giving effect to the legislature's intent and using words in their plain and ordinary meaning. *Budding v. SSM Healthcare System*, 19 S.W.3d 678, 680 (Mo. banc 2000). Section 339.160 states:

No person, partnership, corporation, or association engaged within this state in the business or acting in the capacity of a real estate broker or real estate salesperson shall bring or maintain an action in any court in this state for the recovery of compensation for services rendered in the buying, selling, exchanging,

---

1. All statutory references are to RSMo 2000.

leasing, renting or negotiating a loan upon any real estate without *alleging and proving that such person, partnership, corporation, or association was a licensed real estate broker or salesperson at the time when the alleged cause of action arose.*

Section 339.160 (emphasis added). The meaning of the statute is clear: to maintain an action under the statute, the plaintiffs must allege and prove they were licensed real estate brokers or salespersons at the time of the alleged cause of action.

From the record, Brennan and Meyers made no attempt to allege or prove either was a licensed real estate broker or salesperson at the time of the alleged cause of action. In fact, Brennan and Meyers testified that they are not and have not been licensed real estate brokers. No evidence, substantial or otherwise, supported this element to overcome the requirements of section 339.160. Therefore, there was not a submissible case for the jury under section 339.160.

 Brennan and Meyers respond that their cause of action was permitted under section 339.150. That section states that, notwithstanding the provisions of section 339.160, a real estate broker who refuses to pay a person who assisted in a real estate transaction, knowing that person was not a licensed broker or salesperson, is liable to that person for the reasonable value of his work. Section 339.150.3. Brennan and Meyers argue that the section allows them, as non-licensed persons assisting with a real estate transaction, to recover the reasonable value of their services from Dorsett Village in a quantum meruit action. Brennan and Meyers do not, however, address the statute's element that the other party be a licensed real estate broker.

No party presented evidence that Dorsett Village was a licensed real estate bro-ker. Counsel for Brennan and Meyers did elicit testimony from Kersten that *he* is a licensed broker, and that he owns entities controlling Dorsett Village. The party to the quantum meruit action, however, was Dorsett Village, as evidenced in several places in the record. Brennan and Meyers's petition named Dorsett Village and one of its controlling corporate entities as defendants to the quantum meruit action. Further, the signed contract named Brennan, Meyer, and Dorsett Village as parties, with Kersten signing for Dorsett Village. The jury instructions for the quantum meruit claim also identified Dorsett Village as the only defendant in the count. Finally, the trial court entered judgment only against Dorsett Village.

The trial court erred in not granting Dorsett Village's motion for JNOV. Brennan and Meyers did not submit a submissible case for consideration by the jury to recover for services rendered in a real estate transaction because they did not overcome the requirements of sections 339.150 or 339.160.

## III. CONCLUSION

The judgment is reversed.

LAWRENCE E. MOONEY and KENNETH M. ROMINES, JJ., concurring.